UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INEZ QTAISH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRONZEVILLE PARK )<br>NURSING AND LIVING CENTER, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-02523 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the IFP application will be granted, and this matter will be dismissed without prejudice.

Plaintiff, a resident of the District of Columbia, sues Bronzeville Park Skilled Nursing and Living Center and Symphony Bronzeville, both located in Chicago, Illinois, as well as the state of Illinois. The complaint is quite difficult to follow and contains a litany of grievances and personal ruminations. Plaintiff appears to allege that she was injured at the Bronzeville Park Nursing Facility, and that she was a victim of medical malpractice at Trinity Hospital, also in Chicago. She also takes issue with the alleged termination of her worker's compensation benefits by the state of Illinois and contends that her lack of success arises from legal malpractice. It is unclear how most of these claims are connected to one another or to the named Defendants.

The allegations from there become even less cognizable. Plaintiff contends that she had a "microchip implanted inside of" her, that unnamed individuals are attempting to murder her, and that she has been targeted for "not being gay." The relief sought is unspecified, but she has filed

1

a baseless motion, ECF No. 3, asking to "be separated from the LGBT community[.]" Plaintiff faces hurdles here that she cannot overcome.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that Defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

To that end, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. As discussed, a plaintiff seeking relief in the district

court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff's allegations fail to raise any federal question. And, while Plaintiff and Defendants appear to be of diverse citizenship, this matter presents no connection to the District of Columbia whatsoever. Venue in a civil action is proper only in (1) the district where any Defendant resides, if all Defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any Defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). None of the Defendants are located here and none of the acts or omissions giving rise to this case, as far as they can even be understood, occurred in this District.

For all of these reasons, this case is dismissed without prejudice. Plaintiff's motion, ECF No. 3, is denied. A separate order accompanies this memorandum opinion.

Date:   October 19, 2023                   _____
                                            JIA M. COBB
                                            United States District Judge